IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00336-RJC
(3:10-cr-00208-RJC-DSC-4)

| | |
|---|---|
| MICHAEL LAMONT MOORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence which is filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 Motion to Vacate will be dismissed.

I.     BACKGROUND

On September 22, 2010, Petitioner and three co-defendants were indicted by the grand jury in this District on one count of conspiracy to rob Thomasboro Grocery Store, in violation of 18 U.S.C. § 1951 (Count 1); one count of obstructing commerce by robbery by means of actual and threatened force, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1951 and 2 (Count 2); and one count of carrying a firearm during, in relation to, and in furtherance of a crime of violence, and aiding and abetting the same, all in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Count 3). (Criminal Case No. 3:10-cr-00208, Doc. No. 3: Bill of Indictment). Petitioner elected to plead not guilty to the charges.

During his trial, the Government presented evidence that Petitioner took a central role in planning the robbery of the grocery store by providing stocking masks, latex gloves and a gun

1

which he later gave to a co-defendant, Davenon Farmer, before they entered the grocery store. While inside, Farmer held the gun to the head of a 16-year-old cashier and after stealing money from the store register, Petitioner and Farmer fled the scene with co-defendants Joseph Clinton and Timothy Herron in a van driven by Herron. Officers from the Charlotte-Mecklenburg Police Department ("CMPD") quickly responded to the report of the robbery and while pursuing Petitioner and his co-defendants, Petitioner fired a shot of at one of the CMPD officers. Petitioner managed to elude capture on the night of the robbery but was apprehended a few days later after Farmer was arrested and questioned by police. Both Farmer and Herron testified at Petitioner's trial and he was found guilty following a three day trial.

In Petitioner's presentence report ("PSR"), the probation officer grouped Counts 1 and 2 pursuant to § 3D1.2(a) of the U.S. Sentencing Guidelines Manual ("USSG") for a base offense level of 20; assessed a two-level enhancement because the clerk was restrained during the robbery; and applied a one-level enhancement because the loss amount from the robbery was more than $10,000 but less $50,000. Based on a total offense level of 23 and criminal history category of IV, Petitioner's Guidelines range was 70 to 87 months' imprisonment plus a mandatory consecutive term of 10-years on the § 924(c) conviction because Petitioner discharged a firearm during his escape.[1]

During Petitioner's sentencing hearing, the Court overruled Petitioner's general objections to the strength of the evidence presented at trial and noted that the evidence provided

---

[1] Section 924(c)(1)(A) provides that in addition to the punishment for the underlying crime of violence or drug trafficking crime, the defendant shall be subject to a consecutive term of five years in prison upon conviction for the use of the firearm, which increases to a consecutive term of seven years if the defendant brandished the firearm during the underlying offense. A consecutive term of ten years is imposed if the firearm was discharged during the commission of the underlying offense.

2

strong support for a finding that Petitioner discharged the firearm during the course of his escape. The Court also rejected Petitioner's request for a reduced sentence based on Petitioner's contention that he lacked sufficient mental capacity, and therefore was less culpable, because of a childhood head injury. The Court explained that the evidence showed that Petitioner was instrumental in planning the robbery by providing stocking masks, latex gloves and the gun and that any cognitive impairment therefore did not reduce his criminal responsibility. After considering the seriousness of the offenses and Petitioner's extensive criminal history, the Court imposed concurrent terms of 84-months' imprisonment on Counts 1 and 2, and a mandatory consecutive term of ten years in prison for conviction on Count 3 for a total of 204 months. (Id., Doc. No. 137: Judgment).

On appeal, Petitioner's counsel filed an Anders brief conceding there were no meritorious issues for appeal but nevertheless questioning whether Petitioner should have been granted a variance based on his mental capacity, and whether the Government presented sufficient evidence to support the § 924(c) conviction for using and carrying a firearm in furtherance of the crime of violence (armed robbery).[2] The Court rejected both of these contentions and in particular, observed that there was no error in denying Petitioner's Rule 29 motion for judgment of acquittal on the § 924(c) conviction because the evidence demonstrated that Petitioner carried a gun and that he fired at a CMPD officer during his flight from the robbery. Petitioner's judgment was affirmed in all respects in a per curiam opinion. United States v. Moore, 530 F. App'x 251 (4th Cir.) (unpublished), cert. denied, 134 S. Ct. 497 (2013).

---

[2] Anders v. California, 386 U.S. 738 (1967).

II.   STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides, in pertinent part, as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

On October 21, 2013, the Supreme Court denied Petitioner's petition for a writ of certiorari therefore he must have filed his § 2255 motion to vacate on or before October 21, 2014

for it to be considered timely under § 2255(f)(1). See Clay v. United States, 537 U.S. 522, 527 (2003). Petitioner's § 2255 motion was filed, at the earliest, on July 22, 2015, which is the date that he avers he mailed the motion from prison. (3:15-cv-00336, Doc. No. 1: Petitioner's Motion at 13). See Houston v. Lack, 487 U.S. 266, 276 (1988). Petitioner's § 2255 Motion is filed roughly eight months out of time and is due to be dismissed under § 2255(f)(1) unless he can demonstrate that another provision of § 2255(f) applies to render the motion timely or he can establish a case for equitable tolling.

Petitioner challenges his designation as a career offender and contends that this claim is timely presented under § 2255(f)(3) because it was filed within one year from the date the Supreme Court filed its recent opinion in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. Id. at 2555. However, Petitioner was not sentenced under the provisions of the ACCA, as codified in 18 U.S.C. § 924(e), nor was he designation or sentenced as a career offender. This argument is therefore without merit.

Petitioner next argues that in light of Johnson certain convictions that were used to calculate his criminal history are no longer valid. (Id., Doc. No. 1-2: Petitioner's Mem. at 1-2). Petitioner's reliance on the Johnson opinion is again misplaced. Petitioner first incorrectly maintains that he was improperly assessed three criminal history points for his 1996 robbery with a dangerous weapon conviction for which he was sentenced to an active term of 50-69 months in prison. See USSG 4A1.1(a) (applying three points for a sentence in excess of one year). See (3:10-cr-00208, Doc. No. 128: PSR ¶ 42). Petitioner also challenges the application of two criminal history points for a prior state conviction for possession with intent to sell or deliver

5

marijuana. This calculation is correct under § 4A1.1(b) because he received an active term of 90 days in custody. (Id. ¶ 43). Last, Petitioner challenges the addition of one point for his conviction for possession of drug paraphernalia, but this point was properly counted because it was not assessed under § 4A1.1(a) or (b).

Next, Petitioner renews claims that were raised and rejected in his direct appeal: (1) that his § 924(c) conviction was not supported by the evidence; and (2) that the Court should have granted him a variance based on his childhood head trauma; and if a proper psychological evaluation had been conducted, the Court would have found that he was less culpable for his criminal conduct. (Petitioner's Mem at 3).[3] Because these issues have already been decided against him, he is precluded from renewing them in this collateral proceeding. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court.").

Finally, Petitioner cannot benefit from an equitable tolling of the one-year statute of limitations. In order to establish a case for equitable tolling, a petitioner must demonstrate that he has been (1) diligently pursuing his rights and (2) that there was an "extraordinary circumstance" which prevented a timely filing. See Holland v. Florida, 560 U.S. 631, 655 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling in this case would be futile because each of Petitioner's arguments are without merit.

---

[3] During Petitioner's sentencing hearing, the Court specifically addressed Petitioner's cognitive impairment argument and found that further psychological evaluation could be addressed during his rehabilitation while incarcerated, but that his motion for a reduced sentence on that basis should be denied because the evidence demonstrated that Petitioner was deeply and knowingly engaged in the planning of the robbery. (3:10-cr-00208, Doc. No. 146: Tr. of Sentencing at 17-18).

IV.     CONCLUSION

Based on the foregoing, the Court finds that Petitioner's § 2255 Motion is untimely and he has failed to establish a case for equitable tolling and the motion will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 Motion to Vacate is **DISMISSED with prejudice**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Petitioner's Motion to Waive Equitable Tolling is **DISMISSED as moot**. (Doc. No. 2).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: August 6, 2015

Robert J. Conrad, Jr.
United States District Judge