| | | |
|---|---|---|
| **MICHAEL LAMONT MOORE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* "Notice of Motion for Rehearing and Reconsideration Based Upon Counsel Being Ineffective and Not Following Up on Michael Moore's Appellate Rights," (Doc. No. 5), which is construed as a Rule 59(e) Motion for Reconsideration of the Order dismissing Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 with prejudice as time-barred. The Federal Defender filed two Supplements to Petitioner's *Pro Se* Motion to Reconsider, (Doc. Nos. 8, 9), as well as a Motion for Entry of Order Requiring Government Response, (Doc. No. 9).

Petitioner was charged in the underlying criminal case with: Count (1), Hobbs Act conspiracy; Count (2), Hobbs Act robbery (18 U.S.C. § 1951); and Count (3), using and carrying firearms during and in relation to a crime of violence, "that is, the violation of Title 18, United States Code 1951 set forth in Count Two," and aiding and abetting the same (18 U.S.C. §§ 924(c), 2). (3:10-cr-208, Doc. No. 3 at 4).

With regards to the conspiracy charged in Count (1), the Court instructed the jury, in part, as follows:

A conspirator is responsible for offenses committed by another conspirator, if the conspirator was a member of the conspiracy when the offense was committed, and if the offense was committed in furtherance of, and as a foreseeable consequence of the conspiracy.

Therefore, if you have first found the Defendant guilty of the conspiracy charged in Count One, and if you find beyond a reasonable doubt that during the time the Defendant was a member of that conspiracy another conspirator committed an offense in Counts Two or Three in furtherance of and as a foreseeable consequence of that conspiracy, then you may find the Defendant guilty of that offense, even though the Defendant may not have participated in any of the facts which constitute the offense described in Counts Two or Three.

(Id., Doc. No. 151 at 179-81).

The Court instructed the jury as follows with regards to Count (3):

On or about April 30, 2010, in Mecklenburg County …, the defendants …, aiding and abetting each other and known and unknown to the Grand Jury, during and in relation to a crime of violence, that is, the violation of Title 18, United States Code, Section 1951 set forth in Count Two, for which they may be prosecuted in a Court of the United States, did knowingly, and unlawfully use and carry firearms, and, in furtherance of such crime of violence, did possess said firearms….

(Id., Doc. No. 151 at 183-84).

The jury found Petitioner guilty as charged. (Id., Doc. No. 101). The Court adjudicated Petitioner guilty and sentenced him to a total of 204 months' imprisonment comprised of 84 months for counsel (1) and (2), concurrent, and 120 months for Count (3), consecutive. (Id., Doc. No. 137).

On appeal, counsel filed a memorandum brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but raising two issues: (1) whether the trial court erred by denying Petitioner's motion for a variance sentence; and (2) whether there was sufficient evidence for the jury to convict Petitioner of using and carrying a firearm in furtherance of a crime of violence. The Fourth Circuit affirmed and stated with respect to the second claim that "the evidence revealed that Moore possessed a gun that he fired at an

officer while fleeing police after the robbery [and t]hat gun was also used in the robbery." United States v. Moore, 530 Fed. Appx. 251, 252 (4th Cir. 2013). The United States Supreme Court denied certiorari. Moore v. United States, 571 U.S. 983 (2013).

Petitioner filed a § 2255 Motion to Vacate in the instant case: (1) arguing that his § 2255 Motion to Vacate is timely pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015);[1] (2) arguing that his criminal history was incorrectly scored pursuant to Johnson; (3) renewing the claims that were raised and rejected on direct appeal; and (4) arguing that the one-year statute of limitations for filing a post-conviction motion should be equitably tolled. The Court dismissed the § 2255 Motion to Vacate with prejudice as time-barred on August 6, 2015. Moore v. United States, 2015 WL 4663917 (Aug. 6, 2015).

On August 13, 2015, Petitioner filed a *pro se* "Notice of Motion for Rehearing and Reconsideration Based Upon Counsel Being Ineffective and Not Following Up on Michael Moore's Appellate Rights." (Doc. No. 5). Petitioner argues that the Court's Order denying § 2255 relief should be reversed because his § 2255 Motion to Vacate is timely pursuant to Johnson, that he asked counsel for the trial transcript "so that Mr. Moore could perfect his appeal" but that counsel abandoned him, that Petitioner suffers from diminished mental capacity that requires further psychological testing, that his criminal history points were incorrectly calculated pursuant to Johnson. (Doc. No. 5 at 1).

The Federal Defender subsequently entered an appearance on Petitioner's behalf pursuant to the Court's Standing Order appointing counsel for indigent defendants who may qualify for federal habeas relief pursuant to Johnson, 3:15-MC-196. Counsel filed two Supplements to the *pro*

---

[1] Petitioner was not sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e), that was held unconstitutionally vague in Johnson. Nor was he sentenced as a career offender, as he asserted in his § 2255 Motion to Vacate.

*se* Motion to reconsider the § 2255 Order on Petitioner's behalf. (Doc. Nos. 7, 8). In the First Supplement, counsel argues that the Court should grant relief under Rule 59(e) and vacate the § 924(c) conviction in Count (3) "[b]ecause Hobbs Act robbery does not qualify as a 'crime of violence' under § 924(c)'s force clause…." (Doc. No. 7 at 8). In the Second Supplement, counsel argues that relief should be granted under United States v. Davis, 139 S.Ct. 2319 (2019) and United States v. Simms, 914 F.3d 229 (4th Cir. 2019), and Petitioner should be resentenced to time served, "because the jury instructions allowed the jury to convict Moore of violating 18 U.S.C. § 924(c) in count 3 based solely on finding that he conspired to commit Hobbs Act robbery, and the general verdict makes it impossible to say whether the jury relied on that theory of guilt or on the theory that Moore violated § 924(c) in connection with personally committing a substantive Hobbs Act robbery." (Doc. No. 8 at 8). Petitioner acknowledges that Hobbs Act robbery is a crime of violence under § 924(c)'s force clause, and that he was charged in Count (3) with violating § 924(c) "as set forth in Count Two," which was the substantive Hobbs Act robbery count. (Id. at 8, n.1) (citing United States v. Mathis, 2019 WL 34376626 (July 31, 2019)). However, he argues that the conspiracy jury instruction that the Court provided with regards to Count (1), combined with a general verdict form that did not require the jury to specify whether it relied on the conspiracy or the substantive offense, permitted the jury to find Petitioner guilty of violating § 924(c) based solely on conspiring to commit Hobbs Act robbery. See (3:10-cr-208, Doc. No. 151 at 180-81).

On October 8, 2019, counsel filed a Motion for Entry of Order Requiring Government Response, (Doc. No. 9), with regards to the argument that the jury instructions permitted the jury to find Petitioner guilty of violating § 924(c) based solely on a finding that Petitioner conspired to commit Hobbs Act robbery, which does not qualify as a crime of violence under § 924(c)'s force clause.

A party may file a Rule 59(e) motion to alter or amend no later than 28 days after the entry of a judgment. Fed. R. Civ. P. 59(e). Such a motion may only be granted in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks omitted). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002).

None of the three situations warranting Rule 59(e) relief are present in this case. Petitioner was charged with, and found guilty of, violating § 924(c) based on substantive Hobbs Act robbery. See (3:10-cr-208, Doc. Nos. 3, 151 at 183-84). His assertion that the § 924(c) conviction was based on Hobbs Act conspiracy is conclusively refuted by the record. Petitioner's contention that there has been an intervening change in controlling law based on Davis and Simms is unavailing. Petitioner was convicted under § 924(c)'s force clause, not the unconstitutional residual clause, so Davis provides no relief. Further, Simms does not help Petitioner because the underlying offense was substantive Hobbs Act robbery, which is a crime of violence, rather than Hobbs Act conspiracy, which is not. See, e.g., United States v. Singleton, 2019 WL 3454662 (D.S.C. July 31, 2019) (distinguishing a Pinkerton charge on a count of Hobbs Act robbery from a charge of Hobbs Act conspiracy). Nor is there any new evidence or a clear error of law that would warrant Rule 59(e) relief.

Accordingly, Petitioner's Motion for Reconsideration will be denied and the Motion for Entry of Order Requiring Government Response will be denied as moot.

**IT IS THEREFORE ORDERED** that:

1. Petitioner's *pro se* "Notice of Motion for Rehearing and Reconsideration Based Upon Counsel Being Ineffective and Not Following Up on Michael Moore's Appellate Rights," (Doc. No. 5), is construed as a Rule 59(e) Motion for Reconsideration and is **DENIED**.

2. Petitioner's Motion for Entry of Order Requiring Government Response, (Doc. No. 9), is **DENIED** as moot.

Signed: October 23, 2019

Robert J. Conrad, Jr.
United States District Judge